UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE ALLEN ZARITSKY ) | 3:07-CV-0006-JCM-VPC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| JACKIE CRAWFORD, *et al.*, ) | July 9, 2008 |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____ ) | |

Before the court is plaintiff's "Affidavit in Support of Service Attempted," in which plaintiff requests that he be permitted to serve unserved defendants by publication (#60). For the reasons stated below, the court denies plaintiff's request (#60), but grants plaintiff leave to file a supplemental request.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Gene Allen Zaritsky, a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#59). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his First and Eighth Amendment rights and acted with negligence under state law (#5). Plaintiff names as defendants Jackie Crawford, former NDOC Director; Greg Cox, NDOC Associate Director of Operations; Robert LeGrand, former Lovelock Correctional Center ("LCC") Supervising Caseworker; Tami Perino, LCC Caseworker; Valaree Clifton, LCC Sergeant; "Perino," LCC Senior Correctional Officer; Brian Suwinski, former LCC Senior Correctional Officer; Lenard Vare, LCC Warden; Joyce Thompson, LCC Caseworker; "Lednhardt," former LCC Investigator; James Dirocco, LCC inmate; and John Does I-II, LCC inmates. *Id.*

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Service of Process

To date, the Nevada Attorney General's Office represents defendants Cox, LeGrand, Vare, and Thompson (#6); defendant Clifton (#7); and defendant Crawford (#52). The court dismissed James Dirocco and John Does I-II from this action pursuant to its screening order (#4). Plaintiff requests that the court allow him to serve the remaining defendants via publication (#60).

Federal Rule of Civil Procedure 4(e) provides that an individual may be served with a copy of the summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located ... ." Fed.R.Civ.P. 4(e)(1). The Nevada Rules of Civil Procedure provide for service by publication under certain circumstances. N.R.C.P. 4(e). In particular, where an individual upon whom service is to be made:

> [c]annot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

N.R.C.P. 4(e)(1)(i). Statutory provisions for acquiring jurisdiction over a defendant by other than personal service are strictly construed. *Foster v. Lewis*, 78 Nev. 330, 333 (1962).

Generally, service of summons must be completed within 120 days of filing the complaint, unless a plaintiff can show good cause why service was not made during the applicable time period. *Scrimer v. Eighth Judicial Dist. Court ex rel. County of Clark*, 116 Nev. 507, 512 (2000); *see also* N.R.C.P. 4(i) and Fed.R.Civ.P. 4(m). Dismissal is mandatory if there is no legitimate excuse. *Scrimer*, 116 Nev. at 513. The determination of good cause is within the discretion of the district court. *Id*.

Plaintiff's complaint was docketed on June 1, 2007 after screening pursuant to 28 U.S.C.

§ 1915 (#5). Thus, plaintiff had until September 29, 2007 to complete service. Fed.R.Civ.P. 4(m). On August 22, 2007, plaintiff filed a motion for issuance of summons and requested that defendants be compelled to provide last known addresses for unserved defendants Caseworker Perino, Officer Perino, Officer Suwinski, and Investigator Leonhardt, all of whom are former NDOC employees (#14). On September 9, 2007, defense counsel submitted Caseworker Tami Perino and Officer Brian Suwinski's last known addresses to the court *in camera* (#s20-21).[1] The court issued summons for defendants Caseworker Perino, Officer Perino, Officer Suwinski, and Investigator Leonhardt on September 27, 2007 (#30). The summons were returned unexecuted in October and November 2007; however, they were not docketed until December 21, 2007 (#s 48-50). The U.S. Marshals Service was unable to serve both Tami Perino and Brian Suwinski because Perino's address was a post office box (#48), and Suwinski's address was a vacant lot (#49). Investigator Leonhardt could not be served because no address was provided (#50).

Meanwhile, on December 20, 2007, plaintiff filed a motion to clarify status of defendants, stating that he had yet to receive returns of service for the unserved defendants (#46). On February 5, 2008, the court granted plaintiff's motion for clarification and ordered the Clerk of court to send plaintiff copies of the December 21, 2007 returns of service (#58). On May 1, 2008, plaintiff filed the present "affidavit in support of service attempted" (#60). Citing Nevada Rule of Civil Procedure 4(e), plaintiff requests that the court allow him to serve defendants Perino, Suwinski and Leonhardt by publication. *Id*. Plaintiff asserts that these three defendants have either intentionally concealed their legal addresses to avoid service or they each reside out of state. *Id*. Plaintiff adds that he is "indigent & requests the court to order publication & intervene as a resolution." *Id*.

There is no provision in the *in forma pauperis* statute which provides for the court, the United States Marshal Service, or the Nevada Attorney General to pay for the costs associated

---

[1] Defense counsel states that she was unsure who "LCC Senior Correctional Officer Perino" was because there are multiple persons with the last name Perino in NDOC's employ; thus, defense counsel could not provide an address for that defendant. To this court's knowledge, plaintiff has not provided further detail to defense counsel such that she might be able to identify this defendant. Additionally, defense counsel did not have a last known address for defendant Leonhardt.

- 3 -

with service by publication. *See* 28 U.S.C. § 1915; *see also* Local Rule of Special Proceedings and Appeals ("LSR") 1-8 ("The granting of an application to proceed *in forma pauperis* does not waive the applicant's responsibility to pay the expenses of litigation which are not covered by 28 U.S.C. § 1915."). The court's research does not reveal case law addressing this issue. While unfortunate for plaintiff, it is not the fault of the court, the United States Marshal Service, or the Nevada Attorney General that unserved defendants may have provided incorrect or no addresses upon leaving the employ of NDOC.

Plaintiff's affidavit does not contain facts sufficient to satisfy this court that service by publication is warranted. *See* N.R.C.P. 4(e)(1)(i). If plaintiff is serious about serving defendants Perino, Suwinski and Leonhardt by publication, plaintiff must file a supplemental affidavit setting forth the following details: (1) how plaintiff diligently attempted to locate these defendants other than by relying on the NDOC and the Nevada Attorney General's office; (2) the good cause reason why plaintiff took almost three months after this court's February 5, 2008 order granting his motion for clarification as to the status of the defendants to file his affidavit in support of service attempted; (3) the factual basis for plaintiff's belief that defendants are attempting to avoid service; (4) the newspaper(s) in which plaintiff plans to publish notice; and (5) why plaintiff reasonably believes that these particular newspaper(s) will provide effective notice. Plaintiff must bear the cost for this process. Should plaintiff decide to forego this process, plaintiff is directed to inform the court so that the court may dismiss these defendants pursuant to Federal Rule of Civil Procedure 4(m).[2]

///

///

///

---

[2] On an unrelated note, the court has noticed that plaintiff's affidavit contains a different address than the one this court had on file. The court has directed the Clerk of court to change plaintiff's address to reflect his current situation. However, in the future, plaintiff is directed to submit a change of address notification immediately upon transfer between NDOC institutions. *See*. LSR 2-2 ("The plaintiff shall immediately file with the court written notification of any change of address. The notification must include proof of service upon each opposing part or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice.").

### III. CONCLUSION

The court concludes that plaintiff's affidavit does not contain sufficient information for this court to issue an order granting service by publication. Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that plaintiff's request that he be permitted to serve unserved defendants by publication (#60) is **DENIED**.

**IT IS FURTHER ORDERED** that should plaintiff wish to continue this process, plaintiff must file a supplemental affidavit which contains the information outlined above.

**IT IS SO ORDERED**.

**DATED:** July 9, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**